IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, § § Plaintiff, § § v. § § **JOSEPH CHARLES URSO**, § § Defendant, § § and § § **AMR CORPORATION** and **REASSURE** § **AMERICA LIFE INSURANCE COMPANY**, § § Garnishees. § | Civil Action No. **3:08-CV-1230-L** |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Rita J. Urso's Motion to Quash Writs of Garnishment, filed October 24, 2008; and (2) Rita J. Urso's Motion for Leave to Supplement Record in Support of Motion to Quash Writs of Garnishment, filed January 22, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Rita J. Urso's Motion for Leave to Supplement Record in Support of Motion to Quash Writs of Garnishment, and **grants in part** and **denies in part** Rita J. Urso's Motion to Quash Writs of Garnishment.

**I.     Factual and Procedural Background**

Joseph Urso pleaded guilty to a violation of 18 U.S.C. § 1711, misappropriation of postal funds, and on April 21, 2006, he was sentenced to a term of 30 months imprisonment, restitution in the amount of $580,363.83, and a two-year term of supervised release. On July 18, 2008, the government filed its Application for Writs of Garnishment, seeking to garnish AMR Corporation

**Memorandum Opinion and Order– Page 1**

for the wages of his wife, Rita Urso, and Reassure America Life Insurance Company, for her life insurance policy. The court issued writs of garnishment to AMR and Reassure America on July 24, 2008. Joseph Urso filed a claim for exemption form on August 27, 2008. Rita Urso filed her motion to quash the writs of garnishment on October 24, 2008. The court held a hearing on January 8, 2009, and thereafter Rita Urso moved to supplement the record in support of her motion to quash. The court now considers Rita Urso's motions.

## II.     Analysis

Rita Urso moves to quash the writs of garnishment to AMR and Reassure America. She contends that her life insurance property is separate property and not subject to garnishment, that her wages are protected from garnishment, that the criminal judgment limits the government to garnishing $100 per month, that the government is limited to garnishing 12.5% of her earnings, and that the court should limit the amount of garnishment in light of her financial situation. After the hearing, she moved to supplement the record to add documents relating to her life insurance policy.

The government opposes both motions. It contends that the restitution order is fully enforceable, that the burden is on Rita Urso to demonstrate that the life insurance policy is her separate property, that it is entitled to garnish 25% of her wages, and that the court does not have the discretion to consider her financial circumstances in this garnishment action.

### A.     Enforceability of the Criminal Judgment

The court first considers Rita Urso's argument that the criminal judgment allows the government to garnish only $100 per month. She relies on *United States v. Rousch*, 452 F. Supp. 2d 676, 681 (N.D. Tex.), *rev'd on other grounds*, 466 F.3d 380 (5th Cir. 2006), and argues that the criminal judgment set forth the schedule of payments that requires payment of only $100 per month

in restitution after Joseph Urso's release from imprisonment to a term of supervised release. She contends that the government improperly garnished her by filing the writs of garnishment before Joseph Urso was released and for more than $100 per month. The government responds that her argument is foreclosed by *United States v. Ekong*, 518 F.3d 285 (5th Cir. 2007). It also contends that the result in *Roush* is contrary to the legislative history of the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, that payment plans are not the exclusive means of enforcement, and that *Rousch* conflicts with other statutes.

The court entered judgment in Joseph Urso's criminal case on April 21, 2006. Page 4 of the judgment has the heading "Special Conditions of Supervision." Beneath the heading, it states:

> Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $580,363.83. . . . If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after the release from custody at the rate of at least $100 per month until the restitution is paid in full.

Judgment (Apr. 21, 2006) 4. On page 5 of the judgment, under the heading "Criminal Monetary Penalties," it states: "[t]he defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6." *Id*. at 5. Under restitution, the amount $580,363.83 is listed. On page 6, titled "Schedule of Payments," box D is checked, and it states: "Payment in equal monthly . . . installments of $100.00 over a period of XXXXXX (e.g., months or years), to commence 60 days . . . after release from imprisonment to a term of supervision . . . ." *Id*. at 6.

In *Ekong*, the court rejected the argument raised here by Rita Urso that immediate payment of restitution is not required because the judgment specified that it be paid in installments:

> This argument is without merit. The [MVRA] provides the Government authority to enforce victim restitution orders in the same

**Memorandum Opinion and Order– Page 3**

>manner that it recovers fines and by all other available means and, under 18 U.S.C. § 3613(a), it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law, including the Federal Debt Collection Procedures Act of 1990. The attorney general is required by the MVRA to enforce victim restitution orders aggressively. There is nothing in the criminal judgment to the contrary.

518 F.3d at 286 (internal quotations and citations omitted). The court has reviewed the underlying criminal judgment in *Ekong* and finds that it is very similar to the judgment against Joseph Urso. Although Rita Urso argues that the judgments are distinguishable, the court finds that any distinctions are without a substantive difference in light of the *Ekong* decision. Accordingly, the court rejects Rita Urso's arguments that the government could not enforcement the restitution order until after Joseph Urso's release from custody and that it is limited to collecting $100 per month.

### B. Rita Urso's Wages

Rita Urso argues that the government is not entitled to garnish her wages because they are protected by Texas community property law, and that if the government may garnish her wages, it is limited to 12.5% of her wages. The government contends that the sole-management property distinction relied upon by Rita Urso does not protect her wages and it is entitled to garnish 25% of her wages.

#### 1. Community Property

Rita Urso argues that Texas community property law protects her from the government garnishing her wages for the nontortious criminal obligation of her husband. She cites section 3.202 of the Texas Family Code, which provides: "Unless both spouses are personally liable as provided by this subchapter, the community property subject to a spouse's sole management, control, and disposition is not subject to . . . any nontortious liabilities that the other spouse incurs during

**Memorandum Opinion and Order– Page 4**

marriage." Tex. Fam. Code § 3.202(b). She contends that her personal earnings are subject to her sole management, control, and disposition and thus are her sole-management community property. *See* Tex. Fam. Code § 3.102. She argues that restitution is penal in nature and is therefore a nontortious obligation, citing *United States v. Rose*, 153 F.3d 208, 211 n.1 (5th Cir. 1998), and *Kelly v. Robinson*, 479 U.S. 36, 55 (1986). Accordingly, Rita Urso contends that her wages cannot be garnished to satisfy her husband's criminal restitution.

The government responds that even if Rita Urso's wages are characterized as her sole-management community property, they are not exempt from garnishment, citing *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989). Pursuant to 18 U.S.C. § 3613(c), "an order of restitution . . . is a lien in favor of the United States on all property and right to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." In *Medaris*, the court held that in interpreting the Internal Revenue Code, "state law exemptions are not effective against the Untied States." 884 F.3d at 834 (citing *United States v. Mitchell*, 403 U.S. 190, 205 (1971)). Further, it noted that it has held that "where a married woman has a vested interest in, and is the owner of, a half share of the community income over which her husband has sole management and control, that one half interest may be seized to satisfy her tax liability despite state law to the contrary." *Id*.

The court determines that *Medaris* controls in this situation. Joseph Urso's restitution is like a federal tax lien and state community property laws do not protect Rita Urso's wages. Accordingly, the court rejects Rita Urso's argument that the government may not garnish her wages because they are sole-management community property.

### 2. Percentage of Wages to be Garnished

Rita Urso also argues that if subject to garnishment, the government may only garnish 25% of one-half of her disposable earnings, and that the Consumer Credit Protection Act ("CCPA") further limits the government to garnishing one-half of 25% of her wages, or 12.5% of her wages. The government concedes that it is limited to garnishing 25% of Rita Urso's wages, but disputes that it is limited to garnishing one-half of 25% of her earnings.

The CCPA provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may be not exceed (1) 25 per centum of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage . . . whichever is less." 15 U.S.C. § 1673(a). The parties do not dispute that under this provision, no more than 25% of Rita Urso's wages may be garnished. She argues, however, that because Joseph Urso only has an interest in half of his wife's earnings, the government may only garnish half of this 25% of her earnings. Rita Urso does not cite any other statute of case in support of her argument. The court agrees with the government. The statute refers to the garnishment of an individual's "disposable earnings"; Plaintiff has failed to cite any legal authority for her reading of the statute that would make it applicable only to her husband's community property interest in her wages. Accordingly, the court determines that the government is entitled to garnish 25% of Rita Urso's wages.

### C. Rita Urso's Life Insurance Policy

Rita Urso also argues that the government is not entitled to garnish her life insurance property because it is separate property bought before her marriage. She argues that the characterization of a life insurance policy is determined by its character at inception of title. *Barnett*

**Memorandum Opinion and Order– Page 6**

*v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001). She also argues that it remains separate policy even if some premiums are paid with community funds. *Camp v. Camp*, 972 S.W.2d 906, 909 (Tex. App. – Corpus Christi 1998, pet. denied). The government argues that the burden is on Rita Urso to prove that the life insurance policy is separate policy and that it has the right to contribution to the extent that any community funds were used to pay the premiums for the policy.

At the hearing, Rita Urso testified that she bought the life insurance policy in 1984 and presented evidence of the original life insurance policy. She testified that she changed the policy at some time and took out a loan on the policy after her marriage. She also stated that she paid the premiums from her salary.

After the hearing, she moved to supplement the record and add documents relating to the conversion of her life insurance policy in 1998. She states that although she diligently searched for documents before the hearing, she did not discover these documents until cleaning her craft room after the hearing. The government opposes her request to supplement the record and argues that the documents are inadmissible because they are not properly authenticated and are inadmissible hearsay.

The court has reviewed the motion to supplement and the government's opposition. The documents submitted by Rita Urso corroborate her testimony during the hearing. The government had the opportunity to cross-examine her regarding her insurance policy and did so. Her affidavit sufficiently authenticates the documents for the purpose of her motion to quash.

After considering the parties' arguments, the court determines that the life insurance policy is Rita Urso's separate property. She testified that she paid the premiums with her salary. Accordingly, the government is entitled to contribution for the premiums paid with community

property, including her wages. *Camp*, 972 S.W.2d at 909. The amount of contribution is determined by the application of section 3.403 of the Texas Family Code. The amount of premiums paid with community property was not established at the hearing or by subsequent hearing. Accordingly, the court **orders** Rita Urso to provide evidence to the court regarding the amount of premiums paid with community property (including her salary) since her marriage. She is directed to file such evidence with the court, including the amount of premium payments and date of payment, no later than **September 30, 2009**. The government has a right to object, and it must file any objections no later than **October 14, 2009**.

### D. Rita Urso's Request for Limited Garnishment due to Financial Condition

Finally, Rita Urso asks the court to limit the garnishment by the government due to her financial condition. At the hearing, she testified that after the government began garnishing her paycheck, she takes home approximately $500 per paycheck twice a month. She still contributes to her 401(k) plan and pays for health and basic insurance with her paycheck. She stated that her mortgage payment is $1195, and since the government began garnishing her wages, she is behind on her mortgage or bills and cannot pay all her bills on time. She testified that her husband receives $482 each month from his pension, which is also being garnished, and $153 in social security payments. She stated that she cannot always pay for needed medication or food. On cross-examination, she admitted that she has approximately $44,000 in her retirement accounts, that her financial situation would improve if her husband got a job, and that they pay for two cell phones, a home phone, cable television, and internet service.

Rita Urso does not state any basis for her request for a reduction in restitution. The government contends that the court does not have discretion to reduce the garnishment sought

because Rita Urso filed a claim for exemption pursuant to 28 U.S.C. § 3202(d), and therefore this issue is not before the court.

The court, however, does have discretion to limit the government's enforcement pursuant to 28 U.S.C. § 3013, which provides: "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."  The court has found that this section "grants the district court broad discretion." *F.T.C. v. Nat'l Bus. Consults., Inc.*, 376 F.3d 317, 321 (5th Cir. 2004).  It further held:  "Because section 3013 authorizes the district court to extend or amend the use of any enforcement procedure under the statute, the district court's modification, taken upon its own initiative and with notice to the interested parties, did not exceed the discretion contemplated by the statute." *Id.*  Although the court did not specifically invoke section 3103 at the hearing, it heard argument on Rita Urso's request regarding her financial hardship and allowed her testimony, and the government cross-examined her. Accordingly, the court determines that within its discretion, it may modify the government's enforcement.

At this time, the court needs additional information about Rita Urso's current financial condition to determine whether modification is appropriate.  Accordingly, the court **orders** Rita Urso to provide evidence to the court regarding whether Joseph Urso has gained employment since the hearing, and if so, his gross and net income (income after deductions required by law).  Rita Urso shall provide this information to the court no later than **September 30, 2009**.  Once the information is provided, the government may file a response or objection by **October 14, 2009**.  The court will then consider whether to modify the government's enforcement of the restitution order.

**Memorandum Opinion and Order– Page 9**

    **E.**    **Joseph Urso's Claims for Exemption**

Joseph Urso also filed certain claims for exemption on August 27, 2008. He cited the following exemptions:

- Wearing apparel and school books. 26 U.S.C. § 6334(a)(1).
- Fuel, Provisions, Furniture, and Personal Effects up to $6,250. 26 U.S.C. § 6334(a)(2).
- Books and tools of a trade, business, or profession up to $3,125. 26 U.S.C. § 6334(a)(3).
- Undelivered mail. 26 U.S.C. § 6334(a)(5).

Claim for Exemption Form (Aug. 27, 2008) 1. He admitted at the hearing that the government was not seeking to garnish any property to which he was making such exemptions. Accordingly, the court **denies** his claims for exemption.

## III.   Conclusion

For the reasons stated herein, the court **grants** Rita J. Urso's Motion for Leave to Supplement Record in Support of Motion to Quash Writs of Garnishment, and **grants in part** and **denies in part** Rita J. Urso's Motion to Quash Writs of Garnishment. The court **grants** Rita Urso's motion to quash to the extent that it determines that her life insurance is separate property and that the court may modify the government's enforcement of the restitution order due to her financial condition. The court **denies** the motion insofar as she argues that the government may not garnish her wages, that it is limited to garnishing only 12.5% of her wages, and that it is not entitled to contribution for any premiums paid with community property for her insurance policy. For the reasons stated on the record during the January 8, 2009 hearing, the court **denies** Joseph Urso's claims for exemption.

Pursuant to this order, Rita Urso is hereby **ordered** to file information with the court as follows: the amount of premiums paid with community property (including her salary) for her life

**Memorandum Opinion and Order– Page 10**

insurance policy since her marriage, including the amount of premium payments and date of payment; and the status of Joseph Urso's employment, if any, and his gross and net wages (gross wages less deductions required by law) per pay period. This information must be filed with the court no later than **5:00 p.m.** on **October 2, 2009**. The government may file a response or objections no later than **5:00 p.m.** on **October 16, 2009**. The court will then consider Rita Urso's request for modification of the government's enforcement of the restitution order and will order the government to submit a final writ of garnishment consistent with its rulings. *Given the age of this case, the court will grant no further extensions.*

    **It is so ordered** this 18th day of September, 2009.

                                                Sam A. Lindsay
                                                United States District Judge